# Nicoletti Hornig & Sweeney

WALL STREET PLAZA
88 PINE STREET
SEVENTH FLOOR
NEW YORK, NY 10005-1801
TELEPHONE 212-220-3830
TELECOPIER 212-220-3780
E-MAIL: general@nicolettihornig.com
WEBSITE: www.nicolettihornig.com

JOHN A.V. NICOLETTI
JAMES F. SWEENEY
DAVID R. HORNIG *
FRANK M. MARCIGLIANO
MICHAEL J. CARCICH
BARBARA A. SHEEHAN
NOOSHIN NAMAZI †
ROBERT A. NOVAK
TERRY L. STOLTZ
MICHAEL F. McGOWAN
VINCENT A. SUBA
SAMUEL C. COLUZZI †
GUERRIC S.D.L. RUSSELL †
LINDA D. LIN ◊

VAL WAMSER †
KEVIN J.B. O'MALLEY
WILLIAM M. FENNELL
SCOTT D. CLAUSEN †
FARA N. KITTON †
JAMES E. MORRIS ∆†
DAVID E. SIGMON †
NORA A. VALENZA-FROST †
JEFFREY BINKLEY

* ALSO ADMITTED IN TEXAS
† ALSO ADMITTED IN NEW JERSEY
◊ ALSO ADMITTED IN CALIFORNIA
∆ ALSO ADMITTED IN MARYLAND

MICHAEL MARKS COHEN
OF COUNSEL

NEW JERSEY OFFICE:
505 MAIN STREET, SUITE 218
HACKENSACK, NEW JERSEY 07601-5928
TELEPHONE 201-343-0970
TELECOPIER 201-343-5882

June 30, 2011

**VIA ECF FILING**
Honorable Leonard D. Wexler
United States District Judge
United States District Court
Eastern District of New York
United States Federal Courthouse
Central Islip, New York 11722

RE: *IN THE MATTER OF THE PETITION OF FRED LEVINE, AS OWNER OF A 1991 37 FOOT LEGEND SAILING VESSEL, FOR EXONERATION FROM AND LIMITATION OF LIABILITY*
United States District Court
Eastern District of New York
Docket No.    :    09 cv 5363 (LDW)(WDW)
Our File No.  :    25000067 GSR

Dear Judge Wexler:

This office represents the Plaintiff in Limitation, Fred Levine ("Levine"), in the above-referenced matter. Pursuant to your individual rules, we respectfully respond to the letter filed by claimant John Spahr's ("Spahr") counsel dated June 23, 2011, which requests a pre-motion conference to lift the Order restraining suits and stay this Limitation Action pending resolution of a related State Court action commenced by Spahr. For the reasons set forth below, we maintain that the motion lacks merit because

June 30, 2011
Page 2

the Stipulation proffered by claimant Spahr fails to adequately protect the plaintiff's limitation interests.

There can be no dispute that this limitation proceeding involves multiple claimants. In addition to Spahr's claim for the personal injuries he allegedly sustained on or about July 21, 2007, a claim has also been asserted by Henry Korn ("Korn"), which seeks full indemnity and/or contribution. It is well settled in the Second, Third, Fifth and Eleventh Circuits that these claims for indemnity and contribution create a multiple claimant situation that necessitates a *concursus* pursuant to the Limitation Act. *See, W.E. Hedger Trans. Corp. v. Gallotta*, 145 F.2d 870 (2d Cir. 1944)(L.Hand., J.); *In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750 (2d Cir. 1980); *Gorman v. Cerasia*, 2 F.3d 519 (3d Cir. 1993); *Odeco Oil and Gas Co. v. Bonnette*, 74 F.3d 671 (5th Cir. 1996); *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032 (11th Cir. 1996).

Although we note that claimant Spahr is prepared to Stipulate that he will not seek to enforce any judgment awarded in the State Court action in excess of the limitation fund ($67,000), this does not sufficiently protect Levine's paramount rights under the Limitation Act. Here, claimant Korn seeks full indemnity from Mr. Levine. If Mr. Levine is ultimately found liable for indemnity in the State Court action, this would potentially include an award of attorneys fees and costs, which is separate from any liability the claimant Korn intends to pass through to Mr. Levine. Claimant Spahr seeks to deal with this issue, by also stipulating that he will give priority to any claims for attorneys' fees and expenses. This may be sufficient where the limitation fund is very large. However, in this case, the limitation fund is only $67,000.00, an amount which will likely be less than any attorney fee award should the matter be fully litigated through trial. Under these circumstances, despite the fact that Spahr would not seek to enforce any judgment against claimant Korn, Mr. Levine could still be exposed in excess of the limitation fund if he is required to pay an award for attorneys' fees and costs to Korn – a liability claimant Spahr has no control over.

We also note that claimant Korn is not a signatory to the proposed Stipulation and remains a party in the State Court action. To date, Mr. Korn has not agreed to withdraw his claim for attorneys' fees and costs. Thus, the Spahr Stipulation fails to adequately protect Mr. Levine should these claimants be awarded their defense costs and attorneys' fees in the State Court action. *See, The Complaint of Kirby Inland Marine*, LP, 237 F.Supp.2d 753, 755-56, 2003 A.M.C. 72 (S.D.Tx. 2002)(holding that because stipulation could not protect vessel owner from attorney fee and defense cost awards, stay would not be lifted).

Finally, this Stipulation is being offered at a very late stage in this limitation action. The parties have already completed discovery (with the exception of an IME scheduled on July 7) and we are scheduled for a pre-trial/settlement conference before Magistrate Judge Wall on July 20, 2011.

June 30, 2011
Page 3

      Based on the foregoing, it is respectfully submitted that claimant Spahr's motion to lift the stay based on the submitted Stipulation lacks merit.

                              Respectfully submitted,

                              NICOLETTI HORNIG & SWEENEY

By:
                              Guerric S.D.L. Russell

GSR/s/rr

cc.

**<u>VIA ECF</u>**

Michael E. Stern, Esq.
RUBIN FIORELLA & FRIEDMAN LLP
*Attorneys for Henry Korn*
292 Madison Avenue
New York, New York 10017
212-953-2381
Your File No.: 713-14251

**<u>VIA ECF</u>**
Daniel J. Hansen, Esq.
*Attorneys for John Spahr*
Woolworth Building
233 Broadway, 5th Floor
New York, New York 10279
212-697-3701