# Nicoletti Hornig & Sweeney

WALL STREET PLAZA
88 PINE STREET
SEVENTH FLOOR
NEW YORK, NY 10005-1801
TELEPHONE 212-220-3830
TELECOPIER 212-220-3780
E-MAIL: general@nicolettihornig.com
WEBSITE: www.nicolettihornig.com

JOHN A.V. NICOLETTI
JAMES F. SWEENEY
DAVID R. HORNIG *
FRANK M. MARCIGLIANO
MICHAEL J. CARCICH
BARBARA A. SHEEHAN
NOOSHIN NAMAZI †
ROBERT A. NOVAK
TERRY L. STOLTZ
MICHAEL F. McGOWAN
VINCENT A. SUBA
SAMUEL C. COLUZZI †
GUERRIC S.D.L. RUSSELL †
LINDA D. LIN ◊

VAL WAMSER †
KEVIN J.B. O'MALLEY
WILLIAM M. FENNELL
SCOTT D. CLAUSEN †
FARA N. KITTON †
JAMES E. MORRIS ∆†
DAVID E. SIGMON †
NORA A. VALENZA-FROST †
JEFFREY BINKLEY

* ALSO ADMITTED IN TEXAS
† ALSO ADMITTED IN NEW JERSEY
◊ ALSO ADMITTED IN CALIFORNIA
∆ ALSO ADMITTED IN MARYLAND

MICHAEL MARKS COHEN
OF COUNSEL

NEW JERSEY OFFICE:
505 MAIN STREET, SUITE 218
HACKENSACK, NEW JERSEY 07601-5928
TELEPHONE 201-343-0970
TELECOPIER 201-343-5882

August 18, 2011

**VIA ECF FILING**
Honorable William D. Wall
United States Magistrate Judge
United States District Court
Eastern District of New York
United States Federal Courthouse
Central Islip, New York 11722

RE:     *IN THE MATTER OF THE PETITION OF*
        *FRED LEVINE, AS OWNER OF A 1991*
        *37 FOOT LEGEND SAILING VESSEL, FOR*
        *EXONERATION FROM AND LIMITATION*
        *OF LIABILITY*
        United States District Court
        Eastern District of New York
        Docket No.    :    09 cv 5363 (LDW)(WDW)
        Our File No.    :    25000067 GSR

Dear Judge Wall:

      This firm represents the plaintiff/petitioner Fred Levine in the above-referenced action. We respectfully seek reconsideration of your Order of today's date regarding our expert's compliance with claimant Spahr's subpoena.

      Claimant Spahr is seeking production of documents that are specifically protected under Rule 26(b)(4)(B) and (C). The case law claimant Spahr relied upon, namely the *Weil* decision, predates the 2010 revisions to Rule 26, which added the subsections at issue. Accordingly, it is respectfully submitted that the *Weil* decision is no longer valid to

<u>VIA ECF FILING</u>
Honorable William D. Wall
August 18, 2011
Page 2

the extent it conflicts with Rule 26(b)(4)(B) and (C). The Court's Order, which granted claimant Spahr's motion in all respects, compels disclosure of these now protected/privileged documents.

The Advisory Notes relating to the 2010 revisions of Rule 26 provide:

> Subdivision (a)(2)(B). Rule 26(a)(2)(B)(ii) is amended to provide that disclosure include all "facts or data considered by the witness in forming" the opinions to be offered, rather than the "data or other information" disclosure prescribed in 1993. This amendment is intended to alter the outcome in cases that have relied on the 1993 formulation in requiring disclosure of all attorney-expert communications and draft reports. The amendments to Rule 26(b)(4) make this change explicit by providing work-product protection against discovery regarding draft reports and disclosures or attorney expert communications.

> ***

> Under the amended rule, discovery regarding attorney-expert communications on subjects outside the three exceptions in Rule 26(b)(4)(C), or regarding draft expert reports or disclosures, is permitted only in limited circumstances and by court order. A party seeking such discovery must make the showing specified in Rule 26(b)(3)(A)(ii) – that the party has a substantial need for the discovery and cannot obtain the substantial equivalent without undue hardship. It will be rare for a party to be able to make such a showing given the broad disclosure and discovery otherwise allowed regarding the expert's testimony. A party's failure to provide required disclosure or discovery does not show the need and hardship required by Rule 26(b)(3)(A); remedies are provided in Rule 37.

> In the rare case in which a party does make this showing, the court must protect against disclosure of the attorney's mental impressions, conclusions, opinions, or legal theories under Rule 26(b)(3)(B). But this protection does not extend to the expert's own development of the opinions to

<u>VIA ECF FILING</u>
Honorable William D. Wall
August 18, 2011
Page 3

be presented; those are subject to probing in deposition or at trial.

Claimant Spahr did not sustain this heightened burden, nor did he even allege an undue hardship, in his motion to compel Dr. Stewart's compliance with his subpoena.

We therefore respectfully request that the Court amend its Order to allow petitioner/plaintiff Levine to withhold documents that are deemed privileged/protected pursuant to Rule 26(b)(4)(B) and (C).

We thank the Court for its time and consideration to this matter.

Respectfully submitted,

NICOLETTI HORNIG & SWEENEY

By: *[signature]*

Guerric S.D.L. Russell

GSR/s/rr

cc:

**VIA ECF**
Michael E. Stern, Esq.
RUBIN FIORELLA & FRIEDMAN LLP
*Attorneys for Henry Korn*
292 Madison Avenue
New York, New York 10017
212-953-2381
Your File No.: 713-14251

**VIA ECF**
Daniel J. Hansen, Esq.
*Attorneys for John Spahr*
Woolworth Building
233 Broadway, 5th Floor
New York, New York 10279
212-697-3701

X:\Public Word Files\25\67\Hon. William Wall Letter 08.18.11.gsr.s.rr.doc