***Daniel J. Hansen, Esq.***
***767 Third Avenue, 24th Floor***
***New York, NY 10017***
***(212) 697-3701***

August 22, 2011

Hon. William Wall
United States Magistrate Judge
Eastern District of New York
Central Islip, NY 11722

      Re:    In Re Levine
                   Docket # 09cv5363

You Honor:

I write in opposition to Petitioner's letter motion for the Court to reconsider its Order compelling compliance with the subpoena served upon Dr. Stewart.

The Petitioner's letter motion for reconsideration neglects to cite the exception to Fed.R.Civ.P. 26(b)(4), as amended in 2010, that provides for the discovery of communications with an expert that:

    (i) relate to compensation for the expert's study or testimony;

    (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or

    (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

In *Chevron Corp. v. Shefftz*, 754 F. Supp.2d 254, 264 (D. Mass 2010), the court observed that the Advisory Committee Notes to the 2010 Amendments to Rule 26 to allow the disclosure of "facts and data" excludes theories and mental impressions of counsel, "the phrase 'facts and data' should be 'interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contain factual ingredients. The disclosure obligation extends to any facts or data 'considered' by the expert in forming the opinions to be expressed, not only those relied upon by the expert.' Additionally, the revision of Rule 24(b)(4) should not 'impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions.'"

Page 2


Petitioner's counsel does not, either in opposition to the Claimant's original motion to compel or in the recent "reconsideration" motion, provide a privilege log setting for the documents or communications that contain counsel's "theories and mental impressions" that were conveyed to Dr. Stewart.

This Court was correct, contrary to the Petitioner's claims, in its Order compelling Dr. Stewart to fully comply with the subpoena. This Court recognized that the subpoena sought any of the facts and data considered by this expert in forming the opinions expressed, and that the revision to Rule 26 should not "impede discovery about the opinions to be offered by the expert or the development, foundation, or basis of those opinions."

Respectfully,

/s/

Daniel J. Hansen (DJH:0211)