# Nicoletti Hornig & Sweeney

WALL STREET PLAZA
88 PINE STREET
SEVENTH FLOOR
NEW YORK, NY 10005-1801
TELEPHONE 212-220-3830
TELECOPIER 212-220-3780
E-MAIL: general@nicolettihornig.com
WEBSITE: www.nicolettihornig.com

JOHN A.V. NICOLETTI
JAMES F. SWEENEY
DAVID R. HORNIG *
FRANK M. MARCIGLIANO
MICHAEL J. CARCICH
BARBARA A. SHEEHAN
NOOSHIN NAMAZI †
ROBERT A. NOVAK
TERRY L. STOLTZ
MICHAEL F. McGOWAN
VINCENT A. SUBA
SAMUEL C. COLUZZI †
GUERRIC S.D.L. RUSSELL †
LINDA D. LIN ◊

VAL WAMSER †
KEVIN J.B. O'MALLEY
WILLIAM M. FENNELL
SCOTT D. CLAUSEN †
FARA N. KITTON †
JAMES E. MORRIS ∆†
NORA A. VALENZA-FROST †
JEFFREY BINKLEY

* ALSO ADMITTED IN TEXAS
† ALSO ADMITTED IN NEW JERSEY
◊ ALSO ADMITTED IN CALIFORNIA
∆ ALSO ADMITTED IN MARYLAND

MICHAEL MARKS COHEN
OF COUNSEL

NEW JERSEY OFFICE:
505 MAIN STREET, SUITE 106
HACKENSACK, NEW JERSEY 07601-5928
TELEPHONE 201-343-0970
TELECOPIER 201-343-5882

September 26, 2011

**VIA ECF FILING**
Honorable William D. Wall
United States Magistrate Judge
United States District Court
Eastern District of New York
United States Federal Courthouse
Central Islip, New York 11722

RE:   *IN THE MATTER OF THE PETITION OF FRED LEVINE, AS OWNER OF A 1991 37 FOOT LEGEND SAILING VESSEL, FOR EXONERATION FROM AND LIMITATION OF LIABILITY*
United States District Court
Eastern District of New York
Docket No.    :    09 cv 5363 (LDW)(WDW)
Our File No.  :    25000067 GSR

Dear Judge Wall:

    This firm represents the plaintiff/petitioner Fred Levine ("Levine") in the above-referenced action. We write in response to Mr. Hansen's letter of September 21, 2011, and to specifically request that the Court sanction Mr. Hansen for his dilatory pattern of filing frivolous motions with the sole intention to harass the petitioner Levine and his attorneys.

    As the Court is certainly well aware, counsel for Mr. Spahr has filed several contempt motions relating to a subpoena he issued on petitioner's medical expert, Dr.

<u>VIA ECF FILING</u>
Honorable William D. Wall
September 26, 2011
Page 2

Edmunde Stewart, which have all been denied by the Court. Part of the problem that arose from that subpoena was Mr. Hansen's failure to be aware of the 2010 revisions to Rule 26 that recognizes certain privileges between attorney and expert. Rather than meet and confer on the issue or review a current version of Rule 26 himself, Mr. Hansen ran to the Court seeking a blanket Order to "reject any asserted attorney-expert 'privilege'". *See*, Docket No. 26. Unfortunately, the timing of claimant Spahr's motion was done in haste. It was filed the very day the undersigned became aware of the subpoena and before the undersigned could even see if any documents in Dr. Stewart's file fell within the privileges set forth in Rule 26. Mr. Hansen focuses on the fact that no privilege log was submitted with our opposition, but he knowingly chose to file the motion before we could review Dr. Stewart's file. Nevertheless, because Mr. Hansen was seeking a blanket ruling that no attorney expert privilege existed, the undersigned was compelled to protect petitioner's rights to the extent any privilege documents were contained in Dr. Stewart's file.

Subsequent related motions were filed and resolved by the Court. Ultimately, the parties had a conference with your Honor's clerk to discuss the privilege issue. The Court thereafter issued an Electronic Order on September 12, 2011, directing this office to review Dr. Stewart's file and to provide a privilege log, if necessary, by September 19, 2011. After a review of Dr. Stewart's file, which was subsequently provided to our office, we advised all parties that there were no privileged documents. We then produced to all parties a copy of the documents we received from Dr. Stewart's office in response to the subpoena. We also advised all parties of available dates for Dr. Stewart's deposition to take place at his office.

The issues now raised in claimant Spahr's motion appear to be solely related on Mr. Hansen's assumptions, suspicions and unreasonableness, which is confirmed in the very e-mail exchanged relied upon by Mr. Hansen (*see*, Docket No. 37-1). First, it is important to note that the subpoena issued on Dr. Stewart calls for production of these requested documents at the time of his deposition, which has not even been scheduled to date. *See*, Exhibit "1" attached. Certainly, Mr. Hansen can ask Dr. Stewart at his deposition of the existence of other documents if he suspects that some are missing from the production we received. We will also be at Dr. Stewart's office which makes recovering these documents during the deposition all the more easy.

Additionally, we strain to understand how petitioner Levine has violated a court Order warranting sanctions as contended by Mr. Hansen. This discovery dispute pertains to a subpoena issued by Mr. Hansen on a non-party. We have produced everything that Dr. Stewart's office has provided to us in response to the subpoena. Moreover, as an accommodation, this office also produced from our own files copies of our correspondence with Dr. Stewart and Dr. Stewart's invoice. We also note that the

<u>**VIA ECF FILING**</u>
Honorable William D. Wall
September 26, 2011
Page 3

Electronic Order of September 12, 2011, only requires petitioner Levine to produce a privilege log by a date certain. The Order does not direct this office or petitioner Levine to respond to the non-party subpoena issued on Dr. Stewart. In any event, Dr. Stewart has been fully complying by providing us with documents and making himself available for deposition. Mr. Hansen simply has no proof that Dr. Stewart is not responding.

As has become the norm with dealing with Mr. Hansen, he ran to the Court complaining, without any valid basis or proof, that Dr. Stewart was not complying with the subpoena and seeking sanctions against petitioner Levine. Mr. Hansen did not meet and confer on this issue. He did not attempt to resolve this suspected discovery dispute with counsel as required by your Honor's Individual Practices. He refused to give the undersigned time to look into the issue. He also chose to ignore a suggestion by counsel for claimant Korn on how to resolve this alleged discovery issue. Mr. Hansen unreasonably and knowingly demanded production of documents he only suspects exist while the undersigned was in Maine and could not attend to the matter. He then filed a motion and sought relief on a date he knew the undersigned could not respond.

At this point it is clear that Mr. Hansen has every intention to harass petitioner Levine and burden this office and the Court with unnecessary and frivolous motion practice. We therefore respectfully request that the Court deny claimant Spahr's request for relief and award the petitioner Levine the costs and expenses of having to respond to Mr. Hansen's letter dated September 21, 2011.

We thank the Court for its time and consideration to this matter.

Respectfully submitted,

NICOLETTI HORNIG & SWEENEY

By:

Guerric S.D.L. Russell

GSR/s/rr
Attachments

**VIA ECF FILING**
Honorable William D. Wall
September 26, 2011
Page 4



cc:

**VIA ECF**
Michael E. Stern, Esq.
RUBIN FIORELLA & FRIEDMAN LLP
*Attorneys for Henry Korn*
292 Madison Avenue
New York, New York 10017
212-953-2381
Your File No.: 713-14251

**VIA ECF**
Daniel J. Hansen, Esq.
*Attorneys for John Spahr*
Woolworth Building
233 Broadway, 5th Floor
New York, New York 10279
212-697-3701

X:\Public Word Files\25\67\Hon. William Wall Letter 09.26.11.gsr.s.rr.doc

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
IN THE MATTER OF THE PETITION OF
FRED LEVINE, AS OWNER OF A 1991     Docket No.: 09cv5363 (LDW) (WDW)
37 FOOT LEGEND SAILING VESSEL,
FOR EXONERATION FROM AND
LIMITATION OF LIABILITY,
-----------------------------------------------------X

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Edmunde A.C. Stewart, M.D.
     12 Elm Street
     Port Jefferson, NY 11777

YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization that is not a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: you review of records, interaction with representative for the firm Nicoletti Horning & Sweeney, and your examination and report(s) of examinations of John Spahr.

Place: Diamond Court Reporting, 150 Broadhollow Road, Suite 350, Melville, NY 11747

Date & Time: August 29, 2011, 10:00 a.m.

The deposition will be recorded by this method: stenographic and videographer.

Production: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

- Any written or dictated notes concerning John Spahr or records relating to John Spahr.
- Any data relied upon in conducting examination or writing any report(s) concerning John Spahr.
- Any records made by concerning John Spahr.

- The names and addresses of any witnesses to any examinations conducted by any examining physicians retained or designated by the defendants.
- Any correspondence, emails, or other communications between Edmunde A.C. Stewart and any representative of the firm Nicoletti Horning & Sweeney.
- Any correspondence, emails, or other communications between Edmunde A.C. Stewart and any representative of the firm Nicoletti Horning & Sweeney.
- Any recordings made by Edmunde A.C. Stewart.
- A list of all publications authored by Edmunde A.C. Stewart.
- A listing, including the jurisdiction, venue, and docket/index number, of any other cases in which any Edmunde A.C. Stewart has testified at trial or by deposition within the preceding four years.
- A copy of any invoices issued by Edmunde A.C. Stewart for the review of records, the examination of John Spar, and any report issued.
- A copy of any appointment books of Edmunde A.C. Stewart for July 7, 2011.
- A copy of the complete file (including any file folder) for Edmunde A.C. Stewart concerning John Spahr.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   New York, New York
        August 1, 2011

Daniel J. Hansen, Esq. (DJH:0211)
Attorney for Claimant John Spahr
767 Third Avenue, 24th Floor
New York, New York 10017
(212) 697-3701